640

Ursula R. Lafontaine, peticionaria, *v.* Corte de Distrito de Mayagüez, Hon. Charles E. Foote, Juez, demandada.

No. 1062.—*Sometido:* Diciembre 23, 1935. *Resuelto:* Febrero 26, 1936.

*José Sabater,* abogado de la peticionaria; *José R. Gelpí,* abogado del interventor, demandado en el pleito principal.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Ursula R. Lafontaine inició un recurso en la Corte de Distrito de Mayagüez para obtener alimentos provisionales de su esposo. Después de algunos procedimientos preliminares el demandado acudió a la corte y retiró toda oposición a la demanda, y la corte dictó sentencia ordenando al demandado que pagara a la demandante la suma de $7 semanales y $25 para honorarios de abogado.

El demandado dejó de cumplir con la orden de la corte y entonces la demandante presentó un recurso para que se le castigara por desacato. Fué en ese momento que por primera vez el demandado atacó la jurisdicción de la Corte de Distrito de Mayagüez, alegando en efecto que toda vez que la suma a recobrarse sería únicamente $364 al año, la Corte de Distrito de Mayagüez carecía de jurisdicción y que el pleito debió haberse entablado en la corte municipal. La corte de distrito se declaró sin jurisdicción. La solicitud de

alimentos fué hecha al amparo del artículo 84 de la Ley de procedimientos legales especiales, que dispone:

"Toda reclamación sobre alimentos provisionales se tramitará en la forma prescrita para el juicio de desahucio. Contra la sentencia que se dicta en esta clase de juicio se podrá utilizar el recurso de apelación, sin que ésta obstaculice la ejecución de aquélla."

La peticionaria sostiene que ha cumplido con la ley de desahucio al presentar su demanda; que dicho artículo 84 tiene por objeto hacer que el procedimiento sea sumario, conforme sucede al radicarse un pleito de desahucio; que no fué la idea de la legislatura que un peticionario en esta clase de casos estuviese sujeto a la demora que ocurre en un pleito ordinario; que la corte estuvo equivocada al resolver que éste no era un procedimiento de "alimentos provisionales"; que en realidad lo que una mujer solicita bajo estas condiciones son los alimentos provistos en la sección 84; que la Corte Suprema de España, en 9 de julio de 1907, resolvió que no era necesario en un pleito de divorcio obtener alimentos permanentes, sino que podían decretarse alimentos provisionales, y la peticionaria cita de Manresa, "Comentarios al Código de Enjuiciamiento Civil", edición de 1895, tomo 6, pág. 67, al efecto de que los alimentos provisionales podían ser obtenidos en el pleito sumario; que la corte estuvo equivocada al resolver que toda vez que la suma no excedía de $1,000 al año, ella carecía de jurisdicción, tal cual ocurre de conformidad con las disposiciones de la ley de desahucio.

En otras palabras, lo que la peticionaria sostenía fué que la referencia que hace el artículo 84, supra, a la ley de desahucio se refiere meramente al formalismo que debe seguirse en un procedimiento para obtener alimentos provisionales y que el mismo no tocaba la cuestión de jurisdicción. La peticionaria igualmente alegaba que los alimentos (*alimony*) no surgían de transacciones mercantiles, sino que provenían del matrimonio y que la corte estaba equivocada al no resolver que cuestiones de familia de esta índole debían caer bajo la jurisdicción de la corte de distrito.

La parte querellada dice que todos los errores alegados en la petición podían reducirse a uno, o sea que una corte de distrito tiene jurisdicción exclusiva en los asuntos de alimentos, irrespectivamente de la suma pedida. Sostiene además que un pleito de alimentos es necesariamente uno en cobro de dinero, y que la sentencia condenando al pago de determinada suma puede ser aumentada o rebajada a tenor con las circunstancias. Se hace referencia al artículo 145 del Código Civil, que provee que los alimentos estarán en proporción a los recursos del obligado. Insiste también en que como la peticionaria eligió fundarse en el artículo 84 de la Ley de procedimientos legales especiales, ella está obligada por el mismo, al igual que en cualquier otro pleito ordinario. La parte querellada cita de Manresa y Scaevola para demostrar que una reclamación de esta naturaleza es un pleito ordinario.

■■ Si entendemos a la parte querellada, ésta sostiene que los casos citados de este tribunal que envuelven la concesión de alimentos por las cortes de distrito tuvieron todos su origen en pleitos de divorcio. La sección 84, supra, no dice que la jurisdicción en casos de alimentos dependerá de la cuantía envuelta. Cuanto ese artículo dispone es que "toda reclamación sobre alimentos provisionales se tramitará en la forma prescrita para el juicio de desahucio." Entendemos estas palabras como que significan que cuando se instruye un pleito de alimentos provisionales el procedimiento a seguir debe ser similar al provisto para los pleitos de desahucio. No hay necesaria inferencia de que la legislatura otorgaba jurisdicción a una u otra corte de conformidad con la cuantía envuelta.

El querellado sostiene que hay envuelta una súplica de dinero. Es cierto esto, mas no es puramente una súplica de dinero. Envuelve el determinar una relación entre marido y mujer. El resolver tal cuestión conllevaría una cuestión similar o idéntica a si se hubiese presentado el pleito de divorcio. Es la determinación clara de una cuestión de fa-

milia y no hallamos intención por parte del legislador de conferir jurisdicción en esta clase de casos a las cortes municipales. Mucho tiempo ha, en recursos en que no había cuantía envuelta, a saber, en que un inquilino poseía meramente a voluntad del dueño o precariamente, resolvimos que tan sólo las cortes de distrito eran las que tenían jurisdicción.

De ordinario, la jurisdicción de las cortes municipales depende de que se recobre la suma de dinero específica envuelta en el litigio, de que se recobre un objeto específico, o de que se cumpla determinado contrato o algo similar. En el presente caso, si el querellado tenía razón, la corte municipal quizá tendría que conceder de tiempo en tiempo una suma mayor o menor y el importe a fijarse fácilmente podía exceder de $1,000 al año. En realidad la suma adeudada específicamente en cada intervalo es mucho menor de $1,000 al año.

Convenimos con la peticionaria en que en un inmenso número de casos la concesión de alimentos provisionales surgiría en situaciones en que la esposa tendría derecho a una sentencia de divorcio si deseaba entablar un pleito con tal fin.

A nuestro juicio, la jurisdicción de una corte municipal debe desprenderse claramente y estamos convencidos de que no ocurre así en este caso.

*Debe anularse la resolución de la corte de distrito de diciembre 3 de 1935, y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Córdova Dávila no intervino.